UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMILSON AZEVEDO | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| U.S. BANK N.A., AS TRUSTEE FOR THE | *  Civil Action No. 15-cv-11758-ADB |
| SECURED ASSET SECURITIES | * |
| CORPORATION MORTGAGE PASS- | * |
| THROUGH CERTIFICATES, SERIES 2005- | * |
| AR1; CITIGROUP, INC.; and WELLS FARGO | * |
| BANK, N.A. D/B/A AMERICA'S | * |
| SERVICING COMPANY | * |
| | * |
| Defendants. | * |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Currently before the Court is Defendants U.S. Bank N.A. ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss [ECF No. 5] Plaintiff Edmilson Azevedo's Complaint. [ECF No. 1 ("Compl.")]. Plaintiff filed an Opposition to the Motion to Dismiss on July 29, 2015. [ECF No. 10.] The Court held a hearing on Defendants' Motion to Dismiss on November 17, 2015. For the reasons set forth in this Memorandum and Order, Defendants'[1] Motion to Dismiss is <u>ALLOWED</u>.

---

[1] Plaintiff also named Citigroup, Inc. ("Citigroup") as a Defendant in this action, but Plaintiff has failed to file any return of service with respect to Citigroup, and it thus appears that Citigroup was not served with process. Accordingly, all claims against Citigroup will be dismissed for failure to effect service within the time limits established under Fed. R. Civ. P. 4(m). In any event, it is not clear what claims, if any, Plaintiff intended to assert against Citigroup. Citigroup is not mentioned in the substantive facts of the Complaint, apart from Plaintiff's allegation that Argent Mortgage Company, the original mortgage lender, was later acquired by Citigroup. [Compl. ¶ 16.] For the purposes of this Memorandum, "Defendants" refers to moving parties U.S. Bank and Wells Fargo.

I.      **Facts Alleged in Complaint**

Plaintiff alleges the following facts in his Complaint, which the Court accepts as true for the purposes of this Motion. Plaintiff purchased his home at 35 Davis Street in Marlborough, Massachusetts (the "Property") on June 10, 2005. Compl. ¶¶ 4, 8–9. Plaintiff financed the $362,900.00 purchase with a mortgage loan (the "Mortgage loan") from Argent Mortgage Company, LLC ("Argent"). Id. at ¶¶ 10–12.

When the Mortgage loan originated, Plaintiff earned roughly $4,000 per month from his job as a construction supervisor. Id. at ¶ 17. His monthly mortgage payments at that time, when the interest rate was at its contractual minimum, were $2,900—or 72% of his monthly income. Id. at ¶¶ 13-14, 20–21.

Plaintiff signed the Mortgage agreement on June 10, 2005. [ECF No. 6-1 ("Mortgage")].[2] He alleges that on the same day, Argent purportedly (but ineffectively) assigned the Mortgage to U.S. Bank. [Compl. ¶¶ 22–24]. Plaintiff maintains that the assignment was defective because although the sale document was notarized on June 10, an Argent agent did not appear before the notary until June 15, 2005. Id. at ¶¶ 23–24.

Plaintiff eventually fell behind on his mortgage payments. Id. at ¶ 25. After entering into a temporary forbearance plan in 2008 and making the associated payments, Plaintiff was offered a permanent loan modification in 2010. Id. at ¶ 33. Plaintiff expected that the loan modification

---

[2] A copy of Plaintiff's Mortgage is attached as Exhibit A to Defendants' Memorandum in Support of its Motion to Dismiss [ECF No. 6]. Although the Court is generally limited, on a Motion to Dismiss, to the four corners of the Complaint, there are "exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Where, as here, the Mortgage is central to Plaintiff's claims, and expressly referenced in the Complaint, it is appropriate to consider this document on a motion to dismiss. Venture Associates Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

would have been offered earlier—in late 2009 or early 2010. See id. at ¶¶ 30–33. Further, although Plaintiff alleges that Defendants ultimately offered him a loan modification, see id. at ¶¶ 33, 41, Plaintiff alleges that the modified payments were still unaffordable, as they consumed approximately half of Plaintiff's income[3] and put the property underwater. Id. at ¶ 33.

## II. Additional Facts Alleged in Plaintiff's Opposition to Motion to Dismiss[4]

Despite the affordability problems Plaintiff identified with the loan as modified, Plaintiff contends that he accepted the proposed loan modification on October 22, 2010. [ECF No. 10, pp. 2–3.] The loan as modified became even more unaffordable when the interest rate increased at some unspecified point in 2011. In 2014, Plaintiff recommenced loan modification negotiations with Defendants, but to no avail. Id. Under threat of foreclosure, Plaintiff filed for bankruptcy protection on May 5, 2014.[5] Id.

## III. Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead facts and give plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). The complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some

---

[3] The exact proportion is unclear. Compare Compl. ¶ 34 ("[P]ayments consumed nearly half of his income.") with Compl. ¶ 41 ("[S]uch modified loan consumed more than half of Mr. Azevedo's income.").

[4] As these facts are not alleged in the Complaint, the Court considers them only for the purpose of determining that it would be futile to allow Plaintiff leave to amend his Complaint.

[5] Although it appears that Plaintiff has filed for Chapter 13 bankruptcy protection, [ECF No. 10, Ex. A], he is not necessarily deprived of standing to bring this claim as a separate action. See Wilson v. Dollar Gen. Corp., 717 F. 3d 337, 343 (4th Cir. 2013) ("All of the five circuit courts to have considered the question have concluded that Chapter 13 debtors have standing to bring causes of action in their own name on behalf of the estate."). As neither party has raised the issue, the Court will assume, for purposes of this Motion, that Plaintiff has standing.

actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Dismissal is appropriate if plaintiff's well-pleaded facts do not possess enough heft to show that plaintiff is entitled to relief. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008).

Although most motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are "premised on a plaintiff's putative failure to state an actionable claim," such a motion may also be premised on the "inevitable success of an affirmative defense." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). "As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defenses are definitely ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004). That a plaintiff's allegations are barred by the applicable statute of limitations is one such affirmative defense.

**IV. Analysis**

**A. Count One: "Violation of M.G.L. c. 93A by Predatory Lending"**

   **1. Original Mortgage Loan**

Plaintiff's Chapter 93A claim for predatory lending arising from the original Mortgage loan fails for two independent reasons. First, Defendants are not liable under Chapter 93A for Argent's conduct merely by virtue of their status as assignees of the Mortgage and successors in interest to Argent. See Serra v. Quantum Servicing Corp., 747 F.3d 37, 41 (1st Cir. 2014); Drakopoulos v. U.S. Bank Nat'l Ass'n, 465 Mass. 775, 1095 n.16 (2013) ("Where an assignee played no part in the unfair or deceptive acts of an assignor, principles of assignee liability ordinarily will not render the assignee liable for affirmative damages for those acts."); In re Mae, 460 B.R. 1, 4 (Bankr. D. Mass. 2011) ("Liability under G.L. c. 93A may not be predicated solely

4

on the fact that defendant is the assignee of another whose conduct violated that statute."). Further, Plaintiff does not allege any facts suggesting that Defendants were in any way involved in the alleged acts of predatory lending with respect to the original mortgage loan. Therefore, Count I fails as a matter of law, insofar as Plaintiff alleges that Defendants are liable for the allegedly unfair or deceptive practices of the original mortgage lender.

Further, Plaintiff's 93A claim with respect to the original Mortgage loan is time-barred. There is a four-year limitations period for claims arising under Chapter 93A, see Mass. Gen. Laws c. 260, § 5A, and the cause of action "accrues 'when the plaintiff knew or should have known of appreciable harm resulting from the defendant's [actions].'" Maldonado v. AMS Servicing LLC, Nos. 11–40044–FDS, 11–40219–FDS, 2012 WL 220249, at *5 (D. Mass Jan. 24, 2012) (quoting Schwartz v. Travelers Indem. Co., 50 Mass. App. Ct. 672, 678 (2001) (alteration in original)). Generally, "[a] violation involving an issuance of a loan begins to accrue from the moment the parties entered into the loan." Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 504 (D. Mass. 2012); Amorello v. Wells Fargo Bank, N.A., No. 14–10200–DHH, 2014 WL 5368852, at *4 (D. Mass Oct. 22, 2014). Here, Plaintiff learned of the terms of the loan when he entered into the Mortgage agreement on June 10, 2005. He filed this action on May 1, 2015, which is almost six years after the limitations period expired. Thus, Plaintiff's Chapter 93A predatory lending claim based on the Mortgage agreement executed June 10, 2005 must be dismissed as time-barred.

   **2. 2010 Modification**

Assuming, for purposes of this Motion to Dismiss, that Plaintiff also accepted the Defendants' offer of a modified loan in October 2010, any Chapter 93A claim based on that alleged loan modification is also time-barred. Based on the facts alleged in the Complaint, no

unlawful conduct occurred within the limitations period. The latest date mentioned with regard to Count I is 2010—more than four years before this suit was filed.

In his Opposition, Plaintiff seeks to avoid the statute of limitations by arguing that he did not realize the harm caused by the terms of the loan agreements until sometime in 2011, when his payments became unaffordable based on an interest rate increase. These allegations seek to invoke the "discovery rule" exception to the limitations bar. The discovery rule "delays accrual beyond the time of injury if the plaintiff does not know and could not reasonably know that he or she may have been harmed by the conduct of another." Maldonado, 2012 WL 220249, at *5 (citing Prescott v. Morton Intern., Inc., 769 F. Supp. 404, 408 (D. Mass. 1990) (internal quotations omitted)). The exception, however, is narrow, as it applies only to harms that are "inherently unknowable." Id. (quoting Saenger Org., Inc. v. Nationwide Ins. Licensing Assoc., Inc., 119 F.3d 55, 65 (1st Cir. 1997)).

Here, Plaintiff fails to allege any facts suggesting that the unfair and deceptive qualities of the loan were "inherently unknowable." Indeed, the loan's variable rate, which Plaintiff alleges is what made the loan predatory, was present in Plaintiff's original mortgage. [See ECF No. 6-1]. Because Plaintiff has alleged no facts to support application of the discovery rule, his 93A claim is also time-barred with respect to the purported 2010 modification. See Maldonado, 2012 WL 220249, at *5. Thus, the Court ALLOWS Defendant's Motion to Dismiss Count I of the Complaint.

**B. Count Two: "Violation of M.G.L. c. 93A by Wrongfully Collecting a Debt Without Right"**

In Count Two, Plaintiff alleges a separate violation of Chapter 93A claiming that Defendants have wrongfully collected his Mortgage payments, because the June 10, 2005

Mortgage assignment to U.S. Bank was defective. This claim fails on its merits, because the Complaint alleges no facts plausibly suggesting that the assignment was invalid.

Plaintiff alleges that the assignment to U.S. Bank was notarized on June 10, 2005, but that a representative of Argent, the seller, did not appear before the notary until five days later. [Compl. ¶¶ 22-24; see also ECF No. 6-2 ("Assignment")]. Plaintiff argues that this discrepancy renders the Assignment and the Mortgage agreement void.

The Court disagrees. Even assuming, *arguendo*, that the notarization was defective, there is no indication that this alleged defect would render the underlying Assignment void. Under Massachusetts law, notarization is required in order for a deed to be recorded. See Mass. Gen. Laws c. 183, § 29. Assignments do not, however, necessarily need to be notarized or recorded, to be valid. The assignment of a mortgage is simply "a conveyance of an interest in land that requires a writing signed by the grantor." U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 649 (2011) (citing Mass. Gen. Laws c. 183, § 3)). Other than the requirement of a writing, there are no magic words or strict formalities to be observed in such an assignment. See Mass. Gen. Laws c. 183, § 28 ("In an assignment of a mortgage of real estate the word 'assign' shall be a sufficient word to transfer the mortgage . . . ."). An unrecorded assignment is valid, even if recording is the better practice. See Ibanez, 458 Mass. at 651 ("We do not suggest that an assignment must be in recordable form at the time of the notice of sale or the subsequent foreclosure sale, although recording is likely the better practice.") Thus, Plaintiff's claim fails as a matter of law, and the Court ALLOWS Defendant's Motion to Dismiss as to Count II of the Complaint.

C. **Count Three: "Breach of the Duty of Good Faith"**

Plaintiff alleges that Defendants breached the covenant of good faith when they offered him a loan modification that he could not afford and which would have put the property

7

"significantly under water." In their Motion to Dismiss, Defendants argue that because the Mortgage agreement made no provision for any loan modification, affordable or otherwise, Plaintiff's claim is not cognizable. The Court agrees with Defendants that because Defendants were under no obligation to provide a loan modification under the terms of the Mortgage agreement, see ECF No. 6-1, pp. 2-24, Plaintiff's claim for breach of the duty of good faith and fair dealing must be dismissed.

In Massachusetts, "'[e]very contract implies good faith and fair dealing between the parties to it.'" T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 569–70 (2010) (quoting Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 (1991)). The covenant of good faith and fair dealing requires that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to the fruits of the contract." Id. at 570 (citation and internal quotation marks omitted); see also Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237–38 (1st Cir. 2013). The duty of good faith, however, "is shaped by the nature of the contractual relationship from which the implied covenant derives." Ayash v. Dana–Farber Cancer Inst., 443 Mass. 367, 385 (2005). "The scope of the covenant is only as broad as the contract that governs the particular relationship." Id. Thus, the duty of good faith and fair dealing does not "create rights and duties not otherwise provided for in the existing contractual relationship." Id. (internal citation and quotation marks omitted). "The essential inquiry is whether the challenged conduct conformed to the parties' reasonable understanding of performance obligations, as reflected in the overall spirit of the bargain, not whether the defendant abided by the letter of the contract in the course of performance." Speakman v. Allmerica Fin. Life Ins., 367 F. Supp. 2d 122, 132 (D. Mass. 2005).

Here, Plaintiff alleges that Defendants offered him a loan modification in bad faith because the modification was not affordable, but he has not alleged that the Mortgage agreement contained any provision requiring Defendants to offer a modification, affordable or otherwise. It is "an error to extend the implied covenant to encompass a duty to modify (or consider modifying) the loan prior to foreclosure, where no such obligation exists in the mortgage." MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013); see also Fed. Nat. Mortg. Assoc. v. Tong, 60 Mass. App. Ct. 1105 (2003) (unpublished) ("The covenant of good faith and fair dealing . . . cannot be read so broadly as to include an implied term . . . obligating the Bank to renegotiate the note on terms more favorable to the [borrowers] even if [the borrowers'] inability to perform their obligation derived from sympathetic circumstances."); Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 312 (D. Mass. 2010).

Notably, Plaintiff does not allege that Defendants foreclosed upon the property while a loan modification application was still pending. Cf. Orozco v. GMAC Mortg., LLC, No. 11–11135–FDS, 2012 WL 4581092, at *5–*6 (D. Mass. 2012). Nor does Plaintiff allege that Defendants reneged on a promise to modify the loan after he complied with a series of prerequisites. Cf. Nickerson-Reti v. Bank of America, N.A., No. 13–12316–FDS, 2014 WL 2945198, at *9-*10 (D. Mass. June 26, 2014); Conte v. Bank of Am., N.A., 52 F. Supp. 3d 265, 269-70 (D. Mass. 2014). At best, Plaintiff alleges that Defendants should have offered him a loan modification more quickly. But where Defendants' delay was not protracted, and they did, eventually, offer Plaintiff a loan modification, their conduct does not rise to the level of a breach of the duty of good faith and fair dealing. See Young, 717 F.3d at 239. In other words, Plaintiff has failed to allege conduct arising from a "desire to gain an unfair advantage" or that "had the

9

effect of injuring [his] rights to the fruits of the contract." <u>Young</u>, 717 F.3d at 238. Accordingly, Count III must be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint [ECF No. 6,] is <u>ALLOWED</u>, and Plaintiff's Complaint is hereby <u>DISMISSED</u> in its entirety.

**SO ORDERED.**

Dated: March 9, 2016

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
DISTRICT JUDGE